# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

NATIONAL CREDIT UNION ADMINISTRATION BOARD, in its Capacity as Liquidating Agent for ENSIGN FEDERAL CREDIT UNION,

    Plaintiff,

v.

NORTH STAR BUSINESS SERVICES, LLC, *et al.*,

    Defendants.

Case No. 2:10-CV-01960-KJD-GWF

**ORDER**

    Presently before the Court is Plaintiff's Motion to Strike Defendants North Star Business Services, LLC and Mark B. Moody's Answer (#32) and Motion for Entry of Clerk's Default as to Mark B. Moody and North Star Business Services, LLC (##33). Though the time for doing so has been extended by the Court and passed, Defendants North Star Business Services, LLC ("Northstar") and Mark B. Moody have filed to file a response in opposition to the motions. Therefore, in accordance with Local Rule 7-2(d) and good cause being found, the Court grants the motions.

    Also before the Court is the Verified Petition for Permission to Practice Pro Hac Vice (#30) filed by Heather Boone McKeever. The Petition failed to designate local counsel and the Court extended time for McKeever to designate local counsel. However, McKeever failed to designate local counsel or to otherwise respond to the Court's order. Therefore, the Court denies the petition to practice *pro hac vice*.

    Plaintiff's Complaint (#1) was filed on November 8, 2010. Defendants Northstar and Moody filed their Answer (#9) on December 17, 2010. Northstar and Moody were notified that they had

failed to file a Certificate of Interested Parties as required by Local Rule 7.1-1 and notified Defendants that the certificate had to be filed by January 18, 2011.  On January 28, 2011, Northstar and Moody were notified, again, that they had failed to comply and were ordered to filed the certificate no later than February 7, 2011.  On February 15, 2011, the magistrate judge issued an order to show cause for Defendants' failure to file a certificate of interested parties.  Northstar and Moody failed to appear at the show cause hearing on March 21, 2011.  The Court ordered that Defendants' Answer be struck and default be entered if North Star and Moody failed to file their certificate within two weeks of the Court's written order (#20).  On the last possible day, April 4, 2011, North Star and Moody filed their Certificate of Interested Parties (#22).

On May 16, 2011, attorney Heather Boone McKeever of Lexington, Kentucky filed Defendants' Notice of Substitution of Counsel (#27).  On May 25, 2011, McKeever filed her Verified Petition (#30).  However, the Petition failed to designate local counsel and failed to include a signature block for the District Judge.  McKeever was directed to file a corrected Petition (#31). However, McKeever, North Star, and Moody never again appeared in the action or responded to the orders of the Court.

Defendants North Star and Moody never made any initial disclosure pursuant to Federal Rule of Civil Procedure 26.  Defendants failed to respond to any written discovery requests for admissions, interrogatories or requests for production of documents.  Furthermore, Northstar and Moody failed to appear for their properly noticed depositions on March 21, 2011.

Finally, on June 28, 2010, Plaintiff filed the present motions to strike and enter default. However, Defendants Northstar and Moody failed to respond.  On October 25, 2010, the Court ordered Defendants to respond to the pending motions within fourteen (14) days of the entry of the order (#34).  The Court also ordered McKeever to designate local counsel within fourteen (14) days. The Court warned Defendants that failure to respond would result in the Court striking their answer and entering default against them.  However, nothing was filed in response to the Court's order.

Therefore, for Defendants' failure to abide by the orders of the Court and failure to abide by the rules governing discovery, the Court grants the motion to strike and the motion to enter default. Plaintiff is ordered to file a motion for default judgment in compliance with Rule 55 against Defendants North Star and Moody within fourteen (14) days of the entry of this order. The Court will then determine whether a hearing on damages is necessary.

Accordingly, IT IS HEREBY ORDERED that Plaintiff's Motion to Strike Defendants North Star Business Services, LLC and Mark B. Moody's Answer (#32) is **GRANTED**;

IT IS FURTHER ORDERED that Plaintiff's Motion for Entry of Clerk's Default as to Mark B. Moody and North Star Business Services, LLC (##33) is **GRANTED**;

IT IS FURTHER ORDERED that the Clerk of the Court **STRIKE** Defendants' Answer (#9);

IT IS FURTHER ORDERED that the Clerk of the Court enter **DEFAULT** against Defendants North Star Business Services, LLC and Mark B. Moody;

IT IS FURTHER ORDERED that the Verified Petition for Permission to Practice Pro Hac Vice (#30) is **DENIED**.

DATED this 16th day of November 2011.

Kent J. Dawson
United States District Judge