# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

NATIONAL CREDIT UNION
ADMINISTRATION BOARD,

    Plaintiff,

v.

NORTH STAR BUSINESS SERVICES,
LLC, *et al*.,

    Defendants.

Case No. 2:10-CV-01960-KJD-GWF

**ORDER**

       Presently before the Court is Defendant Mark Moody's Motion to Reconsider (#39). Plaintiff filed a response in opposition (#40). Also before the Court is Heather Boone McKeever's Verified Petition for Permission to Practice *Pro Hac Vice* and Designation of Local Counsel (#38). Finally, before the Court is Plaintiff's Motion to Strike (#41) the Verified Petition (#38). Though the time for doing so has passed, no response in opposition to the motion to strike has been filed.

I. Procedural History

       Plaintiff's Complaint (#1) was filed on November 8, 2010. Defendants North Star Business Services, LLC ("North Star") and Moody filed their Answer (#9) on December 17, 2010. North Star and Moody were notified that they had failed to file a Certificate of Interested Parties as required by Local Rule 7.1-1 and notified Defendants that the certificate had to be filed by January 18, 2011. On

January 28, 2011, North Star and Moody were notified, again, that they had failed to comply and were ordered to filed the certificate no later than February 7, 2011.  On February 15, 2011, the magistrate judge issued an order to show cause for Defendants' failure to file a certificate of interested parties.  North Star and Moody failed to appear at the show cause hearing on March 21, 2011.  The Court ordered that Defendants' Answer be struck and default be entered if North Star and Moody failed to file their certificate within two weeks of the Court's written order (#20).  On the last possible day, April 4, 2011, North Star and Moody filed their Certificate of Interested Parties (#22).

Defendants North Star and Moody never made any initial disclosure pursuant to Federal Rule of Civil Procedure 26.  Defendants failed to respond to any written discovery requests for admissions, interrogatories or requests for production of documents.  Furthermore, North Star and Moody failed to appear for their properly noticed depositions on March 21, 2011.

On May 16, 2011, attorney Heather Boone McKeever of Lexington, Kentucky filed Defendants' Notice of Substitution of Counsel (#27).  On May 25, 2011, McKeever filed her Verified Petition (#30).  However, the Petition failed to designate local counsel and failed to include a signature block for the District Judge.  McKeever was directed to file a corrected Petition (#31).  However, McKeever, North Star, and Moody never again appeared in the action or responded to the orders of the Court until the Court struck Defendant's answer and entered default.

On June 28, 2011, Plaintiff filed motions to strike Moody's and North Star's answers and enter default.  Defendants North Star and Moody failed to respond.  On October 25, 2011, the Court ordered Defendants to respond to the pending motions within fourteen (14) days of the entry of the order (#34).  The Court also ordered McKeever to designate local counsel within fourteen (14) days.  The Court warned Defendants that failure to respond would result in the Court striking their answer and entering default against them.  However, nothing was filed in response to the Court's order.  Therefore, on November 16, 2011, the Court granted the motions to strike and enter default (#36).  On November 17, 2011, the Clerk of the Court entered default as to Mark B. Moody and North Star Business Services, LLC (#37).

1   Finally, Moody was moved to action.  On November 18, 2011, he filed the present motion to
2 reconsider the Court's order granting the motion to strike his answer and enter default.  On
3 November 17, 2011, McKeever filed a new Verified Petition (#38) which Plaintiff has now moved to
4 strike.
5 II.  Moody's Motion to Reconsider
6   Where reconsideration of a non-final order is sought, the court has inherent jurisdiction to
7 modify, alter or revoke it.  See United States v. Martin, 226 F.3d 1042, 1049 (9th Cir. 2000); Glavor
8 v. Shearson Lehman Hutton, Inc., 879 F. Supp. 1028, 1032 (N.D. Cal. 1994) ("District courts are
9 authorized to reconsider interlocutory orders at any time prior to final judgment.").
10   Though it is unclear from his motion, construing his *pro se* pleading liberally, Moody seeks
11 to set aside the Court's order striking his answer asserting that he was unaware of the Court's
12 October 25, 2011 order which gave him fourteen days to associate counsel, because he had failed to
13 update his address with the Court.  Even if the Court accepts his excuse for failing to comply with
14 the October 25th Order (#34), which it does not, Defendant Moody fails to offer any excuse or
15 reasoning for any of his actions in this case which have delayed the proceedings, including failing to
16 respond to multiple court orders, failing to appear for his deposition, and failing to keep his current
17 address updated with the Court.  On May 25, 2011, the Court ordered McKeever to file a completed
18 Verified Petition.  For six months, Defendants took no action.  McKeever did not file a completed
19 petition and Defendants did not seek to associate other counsel.
20   Given Moody's history of failing to comply with the orders of the Court and to participate in
21 the proceedings, the Court denies his motion for reconsideration.  The Court has given Defendants
22 every opportunity to participate in the litigation, no lesser sanction will compel their compliance with
23 the Court's orders.
24 III.  Verified Petition and Motion to Strike the Verified Petition
25   Despite knowing that a motion to striker her client's answer and enter default had been filed
26 and having been granted an extension, McKeever waited until the Court granted the motions to strike

3

and enter default before acting and filing a completed Verified Petition. Then, McKeever failed to respond to the motion to strike the verified petition. Local Rule 7-2(d) allows the Court to consider failure to oppose a motion as consent to the motion being granted. However, even considering the motion on the merits, the Court finds good cause to grant it. McKeever has not shown good cause or excusable neglect for failing to comply with either the Court's May 25, 2011 Order (#31) or the October 25, 2011 Order (#34). Therefore, the Court grants the motion to strike.

IV.  Conclusion

Accordingly, IT IS HEREBY ORDERED that Defendant Mark Moody's Motion to Reconsider (#39) is **DENIED**;

IT IS FURTHER ORDERED that Plaintiff's Motion to Strike (#41) the Verified Petition is **GRANTED**;

IT IS FURTHER ORDERED that counsel's Verified Petition for Permission to Practice *Pro Hac Vice* and Designation of Local Counsel (#38) is **DENIED**;

IT IS FURTHER ORDERED that Plaintiff file a motion for default judgment within fourteen (14) days of the entry of this order.

DATED this 21ST day of August 2012.

_____
Kent J. Dawson
United States District Judge